# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**TIMOTHY HARVEY,**

      **Plaintiff,**

vs.                                                **Case No. 8:04-CV-1748-T-EAJ**

**CITY OF BRADENTON, FLORIDA,**

      **Defendant.**

_____/

## ORDER

Before the court are Plaintiff's **Motion to Tax Costs** (Dkt. 54), Plaintiff's **Motion for Attorney's Fees** (Dkt. 57), Defendant's **Motion to Strike the Plaintiff's Bill of Costs and Defendant's Response to the Plaintiff's Motion to Tax Costs** (Dkt. 59), Defendant's **Motion to Strike Plaintiff's Motion for Attorney's Fees and Defendant's Response to the Plaintiff's Motion for Attorney's Fees** (Dkt. 62), and Plaintiff's **Memorandum in Opposition to Defendant's Motions to Strike** (Dkt. 66).

After trial in January 2006 and a jury verdict for Plaintiff, the Clerk entered judgment for Plaintiff on January 25, 2006. (Dkt. 47). Defendant filed a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) on February 7, 2006. (Dkt. 50). On March 8, 2006, Plaintiff filed the present motions to tax costs and for attorney's fees. (Dkts. 54, 57). On March 24, 2006, Defendant moved to strike both motions and filed responses to each motion.[1] (Dkts. 59, 62).

---

[1] Although Defendant's motion to strike and response were filed separately, they are actually contained in one document which was filed multiple times (Dkts. 59 and 60; Dkts. 61 and 62). The court will refer to only one of the identical filings for the sake of simplicity.

Plaintiff filed a response to Defendant's motions to strike on April 11, 2006. (Dkt. 66). The court issued its ruling denying Defendant's Rule 50(b) motion for judgment as a matter of law on April 12, 2006. (Dkt. 67).

**I.     Defendant's Motion to Strike the Plaintiff's Bill of Costs (Dkt. 59)**

Defendant argues that Plaintiff's motion for costs was untimely filed. Plaintiff maintains that the 14-day period for filing motions for costs was tolled when Defendant filed its Renewed Motion for Judgment as a Matter of Law under Rule 50(b), as Defendant's motion suspended the finality of judgment.

Although Federal Rule of Civil Procedure 54(d)(1) does not impose a time limit for filing a motion for costs other than attorneys' fees, Local Rule 4.18, M.D. Fla., specifies that all claims for costs "shall be asserted by separate motion or petition filed not later than fourteen (14) days following the entry of judgment." Local Rule 4.18(a), M.D. Fla. In this case, the Clerk entered judgment for Plaintiff on January 25, 2006. (Dkt. 47). Plaintiff filed his motion to tax costs forty-two days later on March 8, 2006. (Dkt. 54). However, Defendant filed its motion for judgment pursuant to Rule 50(b) on February 7, 2006, thirteen days after the entry of judgment. (Dkt. 50). If, as Plaintiff contends, Defendant's Rule 50(b) motion tolled the 14-day filing period, Plaintiff's motions for costs and attorney's fees would be timely filed.[2]

The Eleventh Circuit has not considered whether a Rule 50(b) motion tolls the 14-day period for filing motions for costs or attorney's fees. However, it has held that a "timely Rule 59 motion to alter or amend judgment operates to suspend the finality of the district court's judgment."

---

[2]Plaintiff filed his motions to tax costs and for attorney's fees before the court issued a ruling on Defendant's Rule 50(b) motion.

Members First Federal Credit Union v. Members First Credit Union of Florida, 244 F.3d 806, 807 (11th Cir. 2001). The court reasoned that the district court's ruling on a Rule 59 motion could alter the judgment, so the finality of the judgment was "effectively postponed." Id. The Eleventh Circuit found that a motion for attorney's fees filed 13 days after the district court ruled on the Rule 59 motion was timely. Id.

The court's rationale in Members First applies equally to Rule 50(b) motions. A Rule 50(b) motion for judgment as a matter of law may also modify a judgment "'so as to alter its adjudication of the rights of the parties.'" Id. (quoting Browder v. Dir., Dept. of Corr., 434 U.S. 257, 267 (1978)). Likewise, the court's reasoning extends to motions for costs: a Rule 50(b) motion for judgment as a matter of law may change who is considered the "prevailing party" for purposes of awarding costs or attorney's fees. Thus Defendant's Rule 50(b) motion operated to "suspend the finality" of the judgment entered on January 25, 2006. Plaintiff's motions to tax costs and for attorney's fees were filed before the undersigned ruled on Defendant's Rule 50(b) motion and were therefore timely.

## II.     Plaintiff's Motion to Tax Costs (Dkt. 54)

Federal Rule of Civil Procedure 54(d) provides that costs other than attorneys' fees "shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party that the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991). In this case, Plaintiff is the prevailing party by virtue of a jury verdict. (Dkt. 46).

In taxing costs under Rule 54(d)(1), the district court may tax only those costs explicitly

authorized by statute.[3]  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Photocopying costs may be recovered under 28 U.S.C. § 1920(4) when "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." EEOC v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000) (citing Desisto College, Inc. v. Town of Howey-in-the-Hills, 718 F.Supp. 906, 913 (M.D. Fla. 1989)).  Defendant argues that the $422.00 requested for copying costs should be disallowed because Plaintiff failed to show the copies were "necessarily obtained for use in the case" as required under 28 U.S.C. § 1920(4).  Plaintiff does not address Defendant's arguments regarding copying costs.

Plaintiff does not supply enough detail about the copying expenditures listed to allow a determination that Plaintiff could have reasonably believed it was necessary to copy those items. As Defendant does not object to other items Plaintiff claims as costs, and upon review by the undersigned of the costs claimed, Plaintiff is awarded costs in the amount of $2,003.00.

### III.  Defendant's Motion to Strike Plaintiff's Motion for Attorney's Fees (Dkt. 62)

Defendant contends that Plaintiff's motion for attorney's fees, like the motion to tax costs, was untimely filed and asserts that Plaintiff has not established that he is entitled to a fee award or provided the attorney's hourly rate or the number of hours expended.  Plaintiff extends the same argument for tolling the period for filing motions for attorney's fees as discussed above.  Regarding the sufficiency of the motion for attorney's fees, Plaintiff states that the motion tracks the

---

[3]Under 28 U.S.C. § 1920, the following costs may be taxed: "(1) Fees of the clerk and marshal; (2) Fees of the court reporter . . . ; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."  28 U.S.C. § 1920.

requirements laid out in Rule 54(d)(2)(B), Fed.R.Civ.P., and that Plaintiff will submit further information regarding attorney's fees as the court requests.

Federal Rule of Civil Procedure 54(d) requires that motions for attorneys' fees be filed no later than 14 days after entry of judgment, specify the grounds entitling the moving party to the award, and state the amount or provide a fair estimate of the amount sought. Fed.R.Civ.P. 54(d)(2)(B). For the same reasons discussed above in conjunction with the timeliness of Plaintiff's motion to tax costs, i.e., because the finality of judgment was postponed based on Defendant's Rule 50(b) motion, Plaintiff's motion for attorney's fees was timely filed. In the motion for attorney's fees, Plaintiff asserts that he is entitled to attorney's fees pursuant to 42 U.S.C. § 1988(b) and seeks fees in the amount of $65,909.69. (Dkt. 57).

Although the information provided meets the requirements of Rule 54, it does not supply the court with adequate information to determine whether attorney's fees should be awarded and, if so, in what amount. Plaintiff is therefore granted leave to file, within fourteen (14) days of the date of this order, an amended motion for attorney's fees which includes adequate evidentiary support for the court to determine whether the fees sought are reasonable using the lodestar approach discussed in Norman v. Housing Authority, 836 F.2d 1292 (11th Cir. 1988), and Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994). In the motion, Plaintiff shall also disclose the terms of any agreement with respect to fees to be paid for the services for which the claim is made. Fed.R.Civ.P. 54(d)(2)(B).

Accordingly, and upon consideration, it is **ORDERED AND ADJUDGED** that:

1) Defendant's **Motion to Strike the Plaintiff's Bill of Costs** (Dkt. 59) is **DENIED**.

2) Defendant's **Motion to Strike Plaintiff's Motion for Attorney's Fees** (Dkt. 62) is

**DENIED**.

3) Plaintiff's **Motion to Tax Costs** (Dkt. 54) is **GRANTED IN PART** to the extent that Plaintiff is awarded $2,003.00 in costs. The motion is denied as to other relief requested.

3) Plaintiff is granted leave to file, within fourteen (14) days of the date of this order, an amended motion for attorney's fees.

**DONE and ORDERED** at Tampa, Florida this 20th day of April, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge