# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**TIMOTHY HARVEY,**

      **Plaintiff,**

vs.                                                                                                                      Case No. 8:04-CV-1748-T-EAJ

**CITY OF BRADENTON, FLORIDA,**

      **Defendant.**

_____/

## **ORDER**

Before the court are Plaintiff's **Motion for Declaratory and Injunctive Relief, In Accordance with Jury Verdict** (Dkt. 58), filed March 16, 2006 and Defendant's **Response** (Dkt. 63), filed on April 3, 2006.

In his motion, Plaintiff seeks: (1) a declaration that Plaintiff was denied promotion to the position of Sergeant on December 2, 2003 and on June 29, 2004; (2) an injunction making Plaintiff's promotion to Sergeant retroactive to December 2, 2003 for seniority-related benefits and employment status; and (3) an order that Plaintiff is deemed to have completed his probationary period in the Sergeant position effective December 2, 2004. Defendant argues that Plaintiff's motion is properly treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) and that the motion is untimely under Rule 59. Defendant also asserts that Plaintiff did not request declaratory relief in his complaint, that the jury verdict is ambiguous as to the date of the improper denial of promotion, and that the jury verdict does not entitle Plaintiff to have his probationary status waived.

After trial in January 2006 resulted in a jury verdict for Plaintiff, the Clerk entered judgment

for Plaintiff on January 25, 2006. (Dkt. 47). Plaintiff filed his "Motion for Declaratory and Injunctive Relief" fifty days later, on March 16, 2006. Although Plaintiff does not specify the procedural rule under which the motion is brought, in the motion Plaintiff seeks to augment the terms of the judgment entered against Defendant. Plaintiff's motion is most reasonably construed as a request to alter or amend judgment under Federal Rule of Civil Procedure 59(e).[1] Rule 59(e) requires that such a motion be filed "no later than 10 days after entry of the judgment." Plaintiff's motion to alter the judgment to include declaratory and injunctive relief was therefore not timely filed under Rule 59(e) and is denied on those grounds.

Further, Plaintiff has failed to abide by other rules and legal principles regarding injunctive and declaratory relief. Plaintiff's complaint does not include the words "Injunctive Relief Sought" or the equivalent as required by Local Rule 1.06(b), M.D. Fla. Plaintiff asserts in the complaint that this suit is "an action for damages" for constitutional violations. (Dkt. 1 at 1). Plaintiff's prayer for relief does request injunctive relief---that the court order Defendant "to promote the Plaintiff to the position of Sergeant, retroactive to December 2003"---but does not ask for any type of declaratory relief.[2] (Dkt. 1 at 4). In fact, Plaintiff does not ask for declaratory relief anywhere in his complaint or allude to it in the parties' pretrial stipulations. Plaintiff's allegation of jurisdiction rests on federal question jurisdiction and does not reference the Declaratory Judgment Act, 28 U.S.C. § 2201, which

---

[1]In the alternative, Plaintiff could theoretically be moving for relief from judgment under Federal Rule of Civil Procedure 60(b). However, in his motion Plaintiff does not argue for relief because of mistake, inadvertence, surprise, excusable neglect, or on any other grounds allowed by Rule 60(b). As Plaintiff does not refer to Rule 60(b) in the motion or advance any argument which could conceivably be construed as implicating Rule 60(b), the court will not conjure arguments where they do not exist.

[2]Under Federal Rule of Civil Procedure 8(a), a pleading that sets forth a claim shall include "a demand for judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a)(3).

authorizes the court to issue declaratory judgments. In the pretrial stipulation submitted by the parties, a document which merges the pleadings and governs the trial,[3] Plaintiff does not mention declaratory or injunctive relief. (Dkt. 28). Thus, both injunctive and declaratory relief are denied as these post-judgment requests have not been properly preserved.

Accordingly, and upon consideration, it is **ORDERED AND ADJUDGED** that:

1) Plaintiff's **Motion for Declaratory and Injunctive Relief, In Accordance with Jury Verdict** (Dkt. 58) is **DENIED**.

**DONE and ORDERED** at Tampa, Florida this 1st day of May, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge

---

[3]See Local Rule 3.06(e), M.D. Fla.