UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TIMOTHY HARVEY,**

      **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　Case No. **8:04-CV-1748-T-EAJ**

**CITY OF BRADENTON, FLORIDA,**

      **Defendant.**

_____/

## ORDER

Before the court are Plaintiff's **Renewed Motion for Award of Attorney's Fees** (Dkt. 70)[1], filed May 4, 2006, Defendant's **Response** (Dkt. 71), filed on May 22, 2006[2], and Plaintiff's **Reply** (Dkt. 75), filed May 30, 2006.

Plaintiff seeks an award of attorney's fees in the amount of $74,692.19 for 303.5 hours of work performed by Plaintiff's counsel in this action, pursuant to 42 U.S.C. §1988(b). Plaintiff provides billing statements detailing each attorney's time spent on specific tasks. (Dkt. 70, Exhibit A). Defendant does not contest that Plaintiff is a prevailing party, the hourly rate or the reasonableness of the number of hours spent; rather, Defendant argues that the court should reduce the amount of fees based on the results Plaintiff obtained.

In the Eleventh Circuit, attorney's fees are calculated under a "lodestar" formula by

---

[1] This renewed motion supplants Plaintiff's original motion for attorney's fees (Dkt. 57), which is hereby **DENIED** as moot.

[2] Although Plaintiff asserts that this response was untimely under Local Rule 3.01(b), M.D. Fla. (Dkt. 75 at 1), Defendant's response was filed within the time limits established by Federal Rules of Civil Procedure 6(e) and 5(b)(2)(D).

multiplying the number of hours reasonably expended by a reasonable hourly rate. Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994). An attorney's reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth., 836 F.2d 1292, 1299 (11th Cir. 1988).[3] A reasonable number of hours spent should exclude those hours which are excessive, redundant, or otherwise unnecessary. Id. at 1301 (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). As the Eleventh Circuit noted:

> "[t]he court . . . is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."

Id. at 1303 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)).

Plaintiff has requested attorneys' fees at different hourly rates for each individual who worked on the matter: $300.00 per hour for 97.5 hours of work by attorney Robert F. McKee, $300.00 per hour for 69.5 hours of work by attorney Mark F. Kelly, and $175.00 per hour for 136.5 hours of work by attorney Melissa Mihok. As noted above, Defendant does not object to these hourly rates or the number or hours claimed. Considering the skill, experience, and reputation of

---

[3] Courts may also consider these twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the degree of skill necessary to serve the client properly; (4) the attorney's inability to accept other employment because he accepted the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount of damages involved and the relief or results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases. See Loranger, 10 F.3d at 781 n.6 (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

Plaintiff's attorneys and the prevailing market rates in Tampa for this type of legal work,[4] the hourly rates Plaintiff claims for each attorney's time is reasonable.

From a review of the time sheets submitted, the number of hours each attorney claims is not excessive, nor do these times contain redundant or otherwise unnecessary hours. A case of this type and complexity--which included a three-day trial--would reasonably require 97.5 hours of work by attorney Robert F. McKee, 69.5 hours of work by attorney Mark F. Kelly, and 136.5 hours of work by attorney Melissa C. Mihok. Therefore, and in light of the fact that Defendant does not object to the number of hours Plaintiff claims, the number of hours Plaintiff's attorneys spent were hours reasonably expended on this matter.

Applying the lodestar formula, Plaintiff's attorney's fees are calculated as follows: $29,250.00 for 97.5 hours of work by attorney Robert F. McKee at $300.00 per hour; $20,850.00 for 69.5 hours of work by attorney Mark F. Kelly at $300.00 per hour; and $23,887.50 for 136.5 hours of work by attorney Melissa C. Mihok at $175.00 per hour. The total amount is $73,987.50.

## I.    Adjustment to the Lodestar

The court next considers whether this amount should be reduced, as Defendant suggests it should, based on the results obtained. See Hensley, 461 U.S. at 436-37. If Plaintiff's outcome was "excellent," the court should not reduce the lodestar amount, but if the outcome was a "partial or limited success," the court should reduce it so that the amount is not excessive. Norman, 836 F.2d at 1302 (citing Popham v. City of Kennesaw, 820 F.2d 1570, 1578 (11th Cir. 1987); Hensley, 461 U.S. at 436-37). In adjusting the lodestar, the court must consider the significance of the results

---

[4] The reasonableness of an hourly rate is considered based on the location where the case is filed. Cullens v. Georgia Dept. of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994) (citation omitted).

obtained in relation to the results sought.  Id. at 1306.  When attorney time spent on a plaintiff's successful and unsuccessful claims cannot be separated because the claims are based on a common set of facts, the court considers the plaintiff's overall relief in light of the number of hours reasonably expended.  Popham, 820 F.2d at 1578 (citing Hensley, 461 U.S. at 435).

Defendant argues that the lodestar should be reduced based on Plaintiff's degree of success. Defendant states that Plaintiff claimed $50,000.00 in damages in the Joint Pretrial Statement (Dkt. 28 at 10) and only recovered $7,000.00, or 14% of the amount sought, and no compensatory damages.  Defendant suggests a 30% reduction of the lodestar amount for this partial or limited success.  Plaintiff contends that he asked the jury to award only $8,100.00, and did not specify an amount of compensatory damages, therefore the $7,000.00 award was 86% of damages sought.

In closing argument at trial, Plaintiff's counsel requested damages in the amounts of $5,500.00 in lost wages and $2,600.00 for the loss of Plaintiff's take-home vehicle.  Plaintiff's counsel also asked the jury to award compensatory damages but did not suggest an amount.  The jury awarded Plaintiff $7,000.00 in actual damages but no compensatory damages.  (See Dkt. 46).

Although it is one consideration, "the degree of a plaintiff's success is not measured solely by the amount of damages awarded by the jury."  George v. GTE Directories Corp., 114 F.Supp.2d 1281, 1297 (M.D. Fla. 2000); see also Villano v. City of Boynton Beach, 254 F.3d 1302, 1306 (11th Cir. 2001) (while the size of an award is relevant, "success in a civil rights case cannot be valued solely in monetary terms") (citation omitted).  Public benefit inures when a plaintiff brings a legitimate constitutional violation to light; the vindication of a constitutional right against a municipal defendant heightens this public benefit.  Villano, 254 F.3d at 1307 (citing City of Riverside v. Rivera, 477 U.S. 561, 574-76 (1986)).  The Eleventh Circuit has repeatedly held that

"the vindication of a constitutional right is important even if only a small amount of money is involved." Norman, 836 F.2d at 1302; Popham, 820 F.2d at 1580. The court also considers whether a plaintiff's success secured constitutional rights not only for themselves, but also for other class members or the public in general. See id.

Several courts have reduced the lodestar amount when a plaintiff vindicated a constitutional violation but received only limited damages. In Popham, 820 F.2d at 1579-81, the plaintiff prevailed on only one of eight claims submitted to the jury and received only $30,000.00 in damages out of the $2,000,000.00 sought. The Eleventh Circuit affirmed the district court's 67% reduction of the lodestar based on the results obtained. Id. Likewise, in Erkins v. Bryan, 785 F.2d 1538, 1544-46 (11th Cir. 1986), the court reduced attorneys fees by 60% where the plaintiff obtained only 10% of the damages sought.

By comparison, in Atlanta Journal & Constitution v. City of Atlanta Dept. of Aviation, 442 F.3d 1283, 1290 (11th Cir. 2006), the Eleventh Circuit approved a 20% reduction of attorney's fees where the plaintiff succeeded on two portions of an injunction, but the defendant succeeded in reversing one other portion of the injunction. Despite the defendant's partial success, the court determined that the plaintiff's success was significant because it safeguarded the plaintiff's and other newspaper publishers' constitutional rights. Id. Although the plaintiff did not achieve all the relief requested, the court reduced the plaintiff's attorney's fees by only 20%. See id.

Here, Plaintiff received a jury verdict on his retaliation claim, vindicating a constitutional right against a municipal defendant. Plaintiff obtained a large measure of success in this respect. Although Plaintiff's claim of an unconstitutional denial of training requests was unsuccessful at the summary judgment stage (Dkt. 31) and Plaintiff's request for declaratory and injunctive relief was

denied post-judgment (Dkt. 69), Plaintiff prevailed in his core claim against the City of Bradenton. The court notes, however, that Plaintiff's successful litigation does not protect the constitutional rights of a class or of the general public.

Considering the jury verdict and the amount of damages awarded to Plaintiff within "the scope of the litigation as a whole," Hensley, 461 U.S. at 440, Plaintiff's achieved significant success on his primary claim and was awarded the bulk of the actual damages asked of the jury.[5] Plaintiff did not pursue discrete and unsuccessful claims to justify an exclusion of the hours spent on such claims or reducing the award proportionally to reflect the unsuccessful claims. See Norman, 836 F.2d at 1302. Those portions of Plaintiff's case which were unsuccessful were intertwined with Plaintiff's main claim of retaliation for political speech and were derived from the same core of operative facts.

The significant results obtained by Plaintiff here do not support such a drastic reduction as in Popham, where the plaintiff only received 1.5% of damages sought, or Erkins, where the plaintiff obtained only 10% of the amount requested. Although a bald comparison of the monetary amount sought to the amount of damages awarded is not conclusive, the damages awarded here -- considering the amount Plaintiff asked the jury to award -- is indicative of the high degree of success Plaintiff achieved in this case.

However, considering that Plaintiff's successful results do not protect the constitutional rights of others or the public in general, the resolution of one component of the case against Plaintiff at the summary judgment stage, the fact that the jury did not award Plaintiff the full amount of actual

---

[5]Plaintiff's success does not constitute an "excellent" result, in light of the limited impact that Plaintiff's outcome has on the public generally and the jury's failure to award Plaintiff all of his actual damages or compensatory damages.

damages sought, and that the jury denied Plaintiff any compensatory damages, Plaintiff did not achieve such a successful outcome to justify an award of 100% of attorney's fees claimed. The loadstar should therefore be reduced slightly. The 30% reduction Defendant proposes is too extreme; Plaintiff did achieve a substantial, though not total, victory. The loadstar calculation of attorney's fees shall be reduced 10% based on Plaintiff's appreciable but not total success. Applying this reduction to the lodestar amount yields an attorney's fee in the total amount of $66,588.75.

**II.    Costs**

As part of attorney's fees, Plaintiff requests $704.69 for miscellaneous expenses such as postage, telephone charges, photocopies, facsimile charges, travel costs, and a mediation "Service Fee." (Dkt. 70, Exhibit A at 11-14). Plaintiff argues that such expenses are recoverable as reasonable expenses intertwined with the litigation. (Dkt. 75 at 2). Defendant does not object to these costs in his response.[6]

Reasonable expenses may be included in an award of attorney's fees under 42 U.S.C. §1988. Dowdell v. City of Apopka, 698 F.2d 1181, 1192 (11th Cir. 1983). "[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988." Id. "Reasonableness" is given a liberal interpretation, and courts have awarded costs under §1988 for such expenses as telephone, postage, photocopying, travel, food, and lodging. See id. at 1191-92.

---

[6]Defendant discusses attorney's fees in the amount of $73.987.50 and assumes that the total amount Plaintiff seeks (which includes $704.69 in costs) is a clerical error. (Dkt. 71 at n.1).

Plaintiff requests $422.50 for photocopying[7], $125.00 for a mediation service fee, $70.30 for travel expenses, $47.39 for postage, $38.00 for facsimile charges, and $1.50 for long-distance telephone charges. (Dkt. 70, Exhibit A). The types and amounts of expenses incurred by Plaintiff are reasonable and appropriate to this particular litigation. Plaintiff is awarded $704.69 for expenses under 42 U.S.C. §1988 in addition to the amount of attorney's fees calculated above.

Accordingly, and upon consideration, it is **ORDERED AND ADJUDGED** that:

1) Plaintiff's **Renewed Motion for Award of Attorney's Fees** (Dkt. 70) is **GRANTED IN PART** to the extent that Plaintiff is awarded $66,588.75 in attorney's fees and $704.69 in costs pursuant to 42 U.S.C. §1988. The motion is denied as to all other relief sought.

**DONE and ORDERED** at Tampa, Florida this 12th of June, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge

---

[7] Plaintiff was previously awarded $2,003.00 in costs under 28 U.S.C. §1920. (Dkt. 68). This award included $328.20 in copying costs due to requests for production but excluded $422.00 in other unspecified copying costs. (Dkt. 68 at 4) It does not appear that the costs requested in the instant motion are the same as awarded previously.